**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2018
_____

SHERI TRETTER, Individually and as
Adminstratrix of the Estate of William Bender, deceased,
Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; SCI FRACKVILLE;
PHS CORRECTIONAL HEALTHCARE; NICHOLAS SCHARFF, M.D.;
D.O. SCOTT STERLING; D.O. ROBERT SCHORSCHINSKY;
STANLEY STANISH, M.D.; RICHARD KOSIEROWSKI;
D.O. BRIAN SHIPTOSKI; M.D. RENATO T. DIAZ.; RNS JACK ROBINSON;
RN DANIEL ZAREMBA; RN PATRICIA WOLFE; RN BRENDA HOUSER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-12-cv-00302)
District Judge:  Honorable James M. Munley

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2013

BEFORE:  HARDIMAN, SCIRICA, and NYGAARD, *Circuit Judges*

(Opinion Filed:  March 10, 2014)
_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

                                                I.

While a prisoner at SCI-Frackville, William Bender filed an action against state correctional officials and numerous prisoner health care providers, alleging civil rights violations and medical malpractice. Four months after filing his lawsuit, Bender passed away from testicular cancer. Pursuant to FED.R.CIV.P. 25(a), the District Court allowed Bender's mother, Appellant Sherri Tretter, to substitute for Bender as plaintiff. The Defendants filed a joint motion for summary judgment, arguing that Bender had failed to exhaust his administrative remedies prior to filing suit.

The District Court, adopting the Magistrate Judge's Report and Recommendation, agreed with the Defendants. It granted the joint motion for summary judgment and dismissed Bender's case without prejudice. Appellant Tretter then filed an action in the District Court in her own right and as the Administratrix of Bender's estate.

At this point, the Appellees diverged into two groups: the physicians and health care professionals who treated the decedent, and, the state corrections personnel. The physicians filed a motion to dismiss, arguing that Tretter's complaint failed to state a cause of action. Of note, the physician Appellees did not argue that Tretter's complaint was barred by *res judicata* and collateral estoppel.

The corrections personnel took a different approach. They first answered Tretter's complaint, preserving various affirmative defenses. Then, they filed a motion for a judgment on the pleadings, wherein they argued that Tretter's complaint was barred by *res judicata* and collateral estoppel. The District Court granted the motion to dismiss and

                                                2

the motion for judgment on the pleadings, holding that Tretter was collaterally stopped from relitigating Bender's failure to exhaust. Tretter timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise a plenary standard of review over a district court's dismissal order, *see Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013), and over orders granting a motion for judgment on the pleadings, *see Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146 (3d Cir. 2013). We will reverse the District Court's dismissal order and remand the cause for further proceedings.

## III.

The District Court erred by dismissing Tretter's complaint on collateral estoppel grounds. Indeed, all of the Appellees concede as much and we also note the obvious error. The District Court's misstep was in not recognizing the different status of the Appellant when she filed her lawsuit. This new status was clearly reflected in the complaint itself, which states that Tretter brought her suit "individually and as Administrix of the Estate of William Bender, deceased." By filing a separate and distinct action against the Appellees, Tretter should not have been viewed as merely continuing Bender's original case, which he began while incarcerated. Instead, she had filed a new action, prosecuting her own interests as well as those of Benders' estate.

The exhaustion of administrative remedies requirement is of no moment to plaintiffs who file actions on behalf of a deceased inmate. The Prison Litigation Reform Act's exhaustion requirement is applicable only to "a prisoner confined in any jail, prison

3

or other correctional facility . . ." 42 U.S.C. § 1997e(a).  The Act further defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, or convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).  This is not Tretter: she was neither incarcerated nor detained for any crime when she filed her individual complaint.  Further, Bender was deceased when Tretter filed her lawsuit.  Thus Tretter---neither individually nor as Administratrix of Bender's estate---cannot be considered a "prisoner" for purposes of the Act.  Because the District Court erred by holding Tretter to the requirements of the PLRA, we will reverse the District Court's dismissal order on those grounds and remand this matter for further proceedings.

Those further proceedings, however, will not include the Pennsylvania Department of Corrections or SCI-Frackville as defendants.  The Eleventh Amendment prohibits a lawsuit in federal court against a state and/or one of its agencies, unless the state waives immunity.  *Betts v. New Castle Youth Development Center*, 621 F.3d 249, 255 (3d Cir. 2010).  The Pennsylvania Department of Corrections is an agency of the Commonwealth and SCI-Frackville is a part of that agency.  The Commonwealth has not waived its immunity and, therefore, Tretter's claims against these entities are more appropriately dismissed on that basis.  Indeed, Tretter concedes as much in her brief.  We recognize that the District Court did not directly rule on Eleventh Amendment immunity for either the Department of Corrections or SCI-Frackville.  We may, however, affirm on an alternative basis as long as that basis is supported by the record.  *Erie Telecomms. v.*

4

*City of Erie*, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988). We do so here and affirm the District Court's dismissal of these two Appellees, albeit for reasons different from those relied on by the District Court.

We decline, however, the invitation from the remaining Appellees to affirm their dismissal for reasons other than those relied on by the District Court. The individual corrections Appellees (Houser, Robinson, Scharff, Wolfe and Zaremba) argue that we should dismiss them from this case based on sovereign immunity. Tretter maintains that she has sufficiently pleaded that the individual corrections Appellees acted with "willful misconduct," and are therefore not entitled to such immunity. *See, e.g.*, *Brown v. Muhlenberg Tp.*, 269 F.3d 205 (3d Cir. 2001). The physician and health care Appellees (Diaz, Kosierowski, Schorschinsky, Shiptoski, Stanish, Sterling, and PHS Correctional Healthcare) argue that Tretter has failed to state a claim of deliberate indifference to a serious medical need. Tretter counters that her complaint contains sufficient averments to state such claims.

The District Court did not address any of these alternative grounds for dismissal and based its decision solely on collateral estoppel grounds. Although the parties have included arguments for and against dismissal in their appellate briefs, we decline to address these issues and will, instead, leave it to the District Court in the first instance to address the merits of any such unresolved issues on remand. *Berda v. CBS Inc.*, 881 F.2d 20, 28 (3d Cir. 1989) ("Generally, in the absence of 'exceptional circumstances,' we decline to 'consider an issue not passed upon below.'").

IV.

We will reverse the District Court's order of dismissal, except as it applies to the

Pennsylvania Department of Corrections and SCI-Frackville. The cause will be

remanded for further proceedings in accordance with this opinion.